Thank you, your honors. May it please the court, my name is Justin Bell. I'm an attorney from Pure South Dakota and I represent Alvin Felicianosoto in this matter. My client does not speak English. My client repeatedly clashed with certain trial counsel. I think that's apparent in the record that's there that relates to maintaining his innocence and as relates to the trial. That led to and eventually that trial or that decision ended up him going to trial. And I just wondered whether we have enough of a record though right now to decide whether the lawyer did something contrary to what the client wanted. I know you say it's not an ineffective assistance claim but that doesn't mean we still might not have a record that we need to resolve that in which case you would maybe need the collateral proceeding for an evidentiary record to be made. You want to address that at some point? Yeah and you know that's a that's going to be a key issue. You're 100% correct as relates to this. I would submit and have my briefs that that the record is sufficient. However, assuming that the panel decides it is not sufficient given the circumstances, there's two ways that you can handle that. I would submit that one is appropriate, one is not. One is to remand this case back to the trial court on direct review for the trial court to make findings. There's precedent on that in certain state courts of last resort and I would cite the court of State v. Thomas as the North Carolina decision that's cited in my reply brief for that being the appropriate remedy in these circumstances. Now there's not much federal case law on this because the McCoy decision is recent and so I can't cite to several cases. In fact, there's only a handful of cases that have really in-depth look at the McCoy decision. There's a little bit more as relates to some prior case law but I would say that that's probably out. Why would we remand it? What's the error that the district court committed not making a record on it? Did somebody ask the court to make a record on it? Your Honor, I would submit that one I believe that under McCoy the court has obligations to assure. Now and there's not, there isn't a ton of federal case law but that's kind of the basis for the North Carolina case law that once a council makes a concession of guilt, the suggested practice and some of the state courts specifically as the trial court judge should have a colloquy prior to a finding of guilt or not guilt. You know I get that and if you look at state courts you know oftentimes what happens is you have no guarantee that it's ever going back to the same judge unless you remand but of course in our system you know the post conviction relief measures are filed in and it's a constitutional question with an inadequate record and our history is we kind of send those kinds of questions back to be resolved in the 2255 proceeding you know and and it would seem unusual to me that without some motion or some error on the part of the court for failing to make inquiry that we would send it back to the trial court just sort of as a direct remand. So what why is it preferable to send it back as a direct remand? Yeah that's a good question Judge Erickson and I'll tell you my concerns I'm not gonna hide it there's been some court cases out there that was saying a 2255 proceeding harmless error would apply even though their structural error analysis in the McCoy decision that that decision was a direct appeal and so there has been at least one district court who has said that despite McCoy decision that the not applying the harmless error review only applies on direct review and so I think it would be highly prejudicial to my client to submit this 2255 motion because this wasn't raised though right to the district court at all? Well it never would be I mean by its unless there's a new as happened in McCoy there was new counsel that was employed prior to sentencing to my knowledge there's nothing in the record that would indicate that the district court would have been aware of that other than what I would say that I think that the trial court has or the district court has an obligation says similar to pleas of guilty and when it comes to structural error fundamental structural error a trial court has some obligation to ensure that the trial process is handled fairly yeah and so you're all you're a hundred percent right Judge Kelly that that this was not presented directly to the court but I think in the fundamental structural error analysis there's still an obligation on the trial courts to make a record on this stuff. Let's not swallow the whole whole argument on the procedure I mean we'll figure that out amongst the three of us if we get to that point at some point my first question sort of on the issue sort of the big overall arching question is this your client takes the stand your client testifies it testifies to each of the essential elements of the claim that's really a much less claim and you know the acquittal gods would shine on your case if you get the conviction on just that piece and you you get an acquittal on the other piece why after your clients actually admitted all the still a McCoy error. Thank you Judge Erickson that's a good question and I'm glad you're asking these because these are all things I was gonna highlight in my argument regardless because they are very important questions and they help resolve this I would simply submit just because a client admits the factual elements of something it does not mean that they want to be found guilty for something and this court is aware it happens all the time there are tax testers and sovereign citizen arguments that come before this court all the time and people say yeah I did all of that but this court doesn't have the authority to do this because there's fringes on that flag that you're flying at or at least to this and as an admiral you know those types of arguments are made all the time but those people still have the same fundamental rights to to be found guilty by a jury the same structural analysis rights apply the same is true here I'm not bringing the sufficiency of the evidence claim I'm not asking the court to do that I'm not saying that there wasn't evidence I don't think that's pertinent to the McCoy rationale question here I think that in his mind this kind of like what I would call Bailey argument that he was just holding this stuff for somebody and it was giving it wasn't his stuff he was just holding it that was a legal defense as relates to this whether or not that is a defense or not I don't think it's relevant as relates to McCoy analysis he wanted to maintain his innocence I think the record indicates that I think that he went through several lawyers trying to do that as relates to this case and I would simply submit that the only opportunity where my client would have had to object to this after the trial was a sentencing because this was unlike McCoy where the opening statements of the case the trial counsel specifically made a concession of guilt in this case it never happened until the closing argument there was no concession of guilt until the closing argument where why would he have to wait till sentencing well he wouldn't have had an opportunity to get before the court I guess at least prior to the I'm just I'm not aware of how that the client would have assuming that that the counsel would not raise the issue on his behalf I think I think that there would have been a even if he asked him to I think there's a potential I don't I don't know I think I know that there's a potential conflict of interest as relates to raising your own 22 or your own ineffective assists of counsel claimed I think that the trial counsel in this case would have had similar conflicts of issue or contact have you raised those issues on behalf of your clients when they've asked you to me personally I just think about it I mean I'm just saying when you defend cases when they say I think you're ineffective don't you bring that before the court I mean you did I mean I'm not sure that I think that um no I'm not sure I've ever had a client who came to me specifically and use the terms ineffective assistance counsel and let me back up and say you saw some some clients are more law trained than others as relates to that long story short you know sometimes those decisions are made by counsel because counsel says I don't think there's merit as relates to this I think any of those type of decisions would have been tainted by any kind of self interest that the person would have as relates to that I can't there is no record on that I mean one thing I would admit I'm not gonna try to to say that there is as relates to that but but the opportunity he did have to present to the court after trial was a sentencing and he did state that his trial counsel was inappropriate and I guess I you know I'm gonna only say one thing regarding the sentencing I'm gonna rely totally on my briefing regarding the obstruction of court for about 30 seconds and then I'll reserve the rest of my time for a rebuttal but on the the substantive procedural due process arguments the court doesn't cite any three five five three factors the court was clearly upset based off of the allocation statement and gave him the maximum end of the guideline range based off of him saying they disagreed with trial counsel and very other various other matters I believe that the court does have some obligation to go through three five five three factors as a whole and think that um that should merit remand for sentencing purposes if the court doesn't what was the authority you that makes you concerned that structural error analysis would not apply in a post-conviction proceeding did you have a case that's yeah there's a trial court case I'll get it from my rebuttal Yanani I think it's how it's pronounced it's a district court case out of New York all but on my reply I'll bring up the citation for the court well is it cited in your brief it's not because it came out after my why don't you send us a letter under rule 28 J of the rules of appellate procedure with the citation that way we'll have it in paper I can do that the US Attorney can respond if appropriate okay and I reserve the remainder of my time for rebuttal thank you mr. Parsons we'll hear from you thank your honor may it please the court and my friend mr. Bell in Florida versus Nixon justice Ginsburg made a distinction in that case the Supreme Court did between pleading guilty and admitting guilt at trial and the holding of Nixon was that in the latter case conceding guilt at trial there is no requirement to gain the express consent of the client that's a strategic decision is how that was described in Nixon now McCoy comes along also off authored by justice Ginsburg and there's a limitation on that and that is that when there are express objections by the defendant those cannot be overruled by the attorney regarding a concession of guilt so my view in my view the essential holding of McCoy is that in order to place a case within the realm of structural error rather than Nixon and Strickland and ineffective assistance the defendant must explicitly protest the concession strategy adopted by the attorney on the record there are other ways to distinguish McCoy but you know I would agree it should be tethered to his facts to its facts like justice Alito says but I think that's the critical holding here so what you're saying when you say on the record we just need another proceeding to get that record well I think in order for this court to consider McCoy yes the only possible way would be another proceeding but the only way McCoy is implicated is if you if there is a record that there are express objections by the client and there is zero evidence of that in fact the record is absolutely to the contrary you know there were two counts here there was the large conspiracy count and then there was count to specific possession with intent to distribute 50 grams of meth and it's clear from the very beginning that the strategy here between client and attorney is to admit to the 104 grams the four ounces that were in his pocket when he was taken down that he was talking about on the phone that they pulled out and he admitted to law enforcement he had and was going to distribute to mr. Ventura as was recorded well you use the term distributed but I think there's some some merit to the thought that a client who gets on the stand and is and is what happened is trying maybe just trying to describe to the jury why it isn't the offense that he's been charged with and and and so we we sort of say well you you admitted these elements its distribution but I'm not sure if you'd look at from the eyes of the client that it's necessarily the case well but from the eyes of the law it is well but but here weren't we talking about whether or not there was a joint agreement between lawyer and client that he would be admitting guilt to a particular offense so whether or not it's in the eyes of law law that may very well be true but it seems to me that it's it supports your conclusion that you need a record because it could very well be that the client thought that what he was doing was explaining away what he had done and and eking out from under a conviction and there's a little different there doesn't have to be a joint agreement to make the concession if if there is no consent it's a strategic decision the only way McCoy is implicated is if they're expressed objections that are overruled by the attorney and that would be the record too and I used your joint agreement that the phrase that you had used in response so I think you're right but I do have to disagree about this idea won't go ahead I just have to disagree with my friend about that this wasn't apparent from the very beginning the opening statement is filled with the preview of this strategy the defendant's attorney admits that he had the meth that he had it he says I'm not gonna tell you my client didn't commit a crime I'm here to say they didn't prove this big conspiracy and after that happened mr. the client was there and he could have said the next time the jury's out of the room wait a minute I never agreed to that he didn't do that he didn't do that because he was in on it and that's appear that's apparent from the testimony where he testifies the questioning the very questioning by mr. Butler the defense attorney to Feliciano Soto is intended to draw out the fact that he's admitting he had the four ounces as well and was going to give it to mr. Ventura and in fact he complains on the stand his real complaint is why does this have to be a federal charge I was only I only had four ounces this should be a state charge that's what he said that in front of the jury I mean he's admitting the all the relevant factors of guilt and then obviously when closing argument comes along the attorney is going to fulfill the strategy he previewed an opening statement and that he elaborated on with his client on the stand he said of course yeah he had the four ounces so it is your argument essentially that there is insufficient evidence in this record to raise the McCoy question for our consideration in any event absolutely McCoy is absolutely not implicated by this record whatsoever and so the only thing that could happen is that they could the client could eventually bring a 2255 and that's of course there's only there are three appellate decisions that have examined McCoy so far they both came out in March and April all three did the most relevant is Hashimi which is the Fourth Circuit came out on April 25th and there the court held that the council's concession of the defendants guilt on kidnapping and domestic violence charges in an overall drug conspiracy case did not implicate McCoy did not violate the Sixth Amendment because there was no express statement of the client's will to maintain his innocence on those charges and the court noted you're free to file a 2255 petition if you want to the Tenth Circuit also has applied McCoy United States vs. Khan came out on the same day April 25 of this year there they held McCoy wasn't implicated because the defendant had agreed to and was saying he McCoy was violated by the timing of that plea so McCoy wasn't relevant the case that's a little contrary is the Ninth Circuit United States vs. Reed which came out in March and in that case the Ninth Circuit actually held that permitting a defense counsel to present an insanity defense over the defendants clear objections which were on the record in that case I don't want to plead insanity defense Ninth Circuit held that was the and therefore McCoy applied and and they reversed said it was structural error I think that's a dubious rationale that that not presenting a defense you know presenting a defense is a concession of guilt well you have to admit that you committed all the acts in order to raise the insanity defense right so you've essentially admitted every single element of the offense charge except the state of mind element right well but you're saying you're not guilty it's a defense so it's not a concession of guilt in this case I did I hear correctly that and the defendant spoke only Spanish for the most part yes so when you're saying he's telling the jury this is all through the translator food translator translator at every point you know he he spoke on the record there's no issue with translation of course he doesn't object after opening statement the concessions were made he doesn't object throughout the trial he admits he's guilty factually in his own testimony he doesn't object after opening statement anytime throughout that he could have he doesn't make a motion for a new trial at sentencing he doesn't object at all he spoke for an hour over an hour at sentencing told the story of his life never said I didn't possess meth with intent to distribute never said I objected to that this doesn't come up on until appeal and so McCoy's just not implicated whatsoever on this record and I don't see there's any way that you could reverse based on McCoy without any evidence that there was even an objection he hasn't even said under oath ever anywhere or even not under oath that I didn't agree with this strategy he hasn't ever said it other than and I'm not sure it's even in the appellate briefs that he didn't agree with the strategy he just is McCoy argument what about this concern that if we push the matter to 2255 proceeding the structural error analysis changes I don't think it does it all that's not federal law as I I've made a structural argument in a 2255 petition before I didn't win but I made it and they were they didn't I wasn't told I could make it it ended up being analyzed argument but his point is that some court apparently somewhere has said no in a 2055 we would apply harmless error you conceding on behalf of the government that it would be a structural error analysis and a 20 I'm not conceding it would be a structural error analysis but I'm conceding you can make a structural error art analysis on the 2255 I'm sure anybody said he couldn't make the argument he was saying that he's afraid the law would be different I don't therefore we should cause the district court to take it up in the in the original case through a I don't think the law is different in structural error I don't think the venue matters for a structural error argument to my knowledge well then you are sort of conceding that structural error analysis would apply in a 2255 proceed oh yeah you can make it and I'm saying McCoy wouldn't apply I'm sorry keep saying you can make the argument anybody can make any argument the question is what the law is here's here's any I'm sorry here's the argument apparently somehow some magical transmogrification it takes place between the direct appeal and the 2255 where a structural error becomes a non-structural error which some district court apparently in New York has said I want to read that case because I'd like to know what the what the sort of wizardry that takes place that takes a structural error makes it non-structural because that sort of twists my brain in a way I've never really gone before but without having read it I can't I can't figure out why they got there that's wrong a court can grant a structural error in a 2255 is my view do you know of any way that the law could change that if something that would constitute a structural error on direct appeal would become a non-structural error in collateral review I don't okay no I don't think McCoy would apply on remand in any event I think Strickland would apply but a court if it found structural error could certainly grant structural error on a 2255 so if there's any there's no remedy in this proceeding is my position the defendant as in Hashimi was is free to bring a 2255 if that's what he chooses to do I mean why would McCoy not apply doesn't McCoy say that there's a constitutional structural error if you plead your guy guilty over his objection and if we say the records not developed and then in Strickland it would still be a structural error which would wipe out the prejudice prong right isn't that true have I missed something here yeah I've been deciding things wrong for the last 25 years no no I think for McCoy to apply in a 2255 I think it still wouldn't apply under the strict holding of McCoy because there never was an express objection on the record I think that's inherent in McCoy and I don't think this court can go further than McCoy did in carving out a limitation on the holding of Nixon so I don't think it would be successful McCoy argument in a 2255 proceeding but if the court found that it was a McCoy violation in a 2255 proceeding it could certainly grant relief just on the obstruction charge I want to clarify something in the briefing the the suggestion is that obstruction doesn't apply because there was no finding that even though the court found that it was inaccurate or false there was no finding that it was knowingly false that's just not so I mean judge Schreier said this is a bald-faced liar you just spewed out a series of bald-faced lies both during trial under oath and at sentencing and she went over three specific instances and in those instances she says I found your their believable and the defendant's testimony to be untruthful that's not just inaccurate that's a lie there's a Seinfeld episode where George Costanza is trying to coach Jerry on taking a polygraph and he says remember it's not a lie if you believe it but if you don't believe it it is a lie and the judge said you're a liar these are lies so the knowing element that's there's no argument on that and then finally on substantive and procedural and substantive reasonableness there's two arguments one is the court didn't go through all the 355 355 3553 a factors could you address that it looked like the district court really focused on the allocution is there any other reference to other factors within the statute yes of course we're here under plain error and you look at the whole proceeding to see if she understood the factors and I mean the briefing does not go into any factor that says she should have looked at because she really did I mean if you're looking in under the statute the nature and circumstances of the offense she's clearly considered that she considered the history and characteristics of the defendant she rejected a variance based on his criminal history the defendant told his entire life story at the trial and and she certainly considered all of that she looked at the seriousness of the offense and her she focused for a lot on his lying and his obstruction of dresses of and his lack of remorse that goes to promoting respect for the law what's a just punishment what is that adequate deterrence protecting the public from further crimes he has no remorse she looked at the kind of sentences available she made all the guideline weighings and findings she said there's a mandatory minimum he's not eligible for probation she looked at the sentencing range that's factor for she looked at whether he needed treatment or vocational training on page 36 she ordered him to do cognitive behavioral training she looked at whether there was any pertinent policy statement there is none and they haven't pointed to any she should have looked at so that's not something that that needed to be specifically addressed and of course she addressed restitution the seventh factor she said there's no need for restitution it's not been requested so even though she didn't say here's factor a here's factor B everything was addressed she covered all the bases this is a well-considered sentence and there's no error here we ask you affirm very well thank you for your argument mr. Bell we'll hear from you in rebuttal thank you and I appreciate that I want to start at the end I'd regard the sentencing factors and I'll just be clear look at the transcript I mean I record as to what the court actually said the government states that she can so that the trial court judge or the district court judge consider all these things I cut and paste the entirety of the sensory and quality that the court had and the brief but if the court wants to look at the transcript it's not that long I would simply state you know it's it's easy to say here all the trial court judge considered those and and I don't know if the trial court did or district court did or not but it's not in the record that she did I want to back up on said the McCoy analysis so first you know and I would I mean I'll I'll just read one sentence of the case that I was referring to it says the Supreme Court is noted however the court should employ a different standard for evaluating structural error depending on whether it's raised on direct review or raised instead on a claim and alleging ineffective assistance of counsel it Supreme Court decision on direct review prejudice and it goes on although I'll submit the case as it says but I'm not making this up there is at least one court that has analyzed United States Supreme Court precedent to saying that you can still raise a structural harm issue I'm not denying the fact that you can raise a structural error issue the question is whether a subject to harmless error analysis or not what if it's on collateral review in comparison to direct review and and the basis for that is the quote-unquote high cost of society for using a habeas review rather than using it on direct review I mean there's the analysis is what it is but I think it would be I believe that is why the North Carolina Supreme Court and Thomas has adopted the procedure that if there are factual underlines here for remand on direct analysis they've adopted procedures to ensure quite frankly that district courts don't get into this situation suggesting a process by which the trial court has a responsibility that if a trial counsel makes such a concession to affirmatively on the record ask the client were you well did you agree to this and I the only thing I can close and I would say is the Nixon McCoy analysis of the government gave I don't think it's completely in line with what I view it as there's no doubt that the Nixon decision says that if you talk to your client and try to get consent from them to do something they remain silent but you can move ahead that becomes a structural issue but I think in McCoy and in Nixon there is an affirmative obligation on trial counsel defense counsel to ask for consent from the client and and if they remain silent then you can move forward but it's not an obligation on the defendant to affirmatively object on the record that's not what McCoy says and that's in capital cases that's a there's a stronger reason for that non capital cases which this isn't so I actually think that there's a strong argument in this case and then Nixon or in McCoy some thank you for your time and thank you for the appointment very well the case is submitted the court file an opinion due course thank you to both counsel you are excused